## STEWART PETROLEUM CO. v. BOARDMAN et al.

(Circuit Court of Appeals, Eighth Circuit. March 31, 1920.)

No. 5463.

1. **Bankruptcy ⟨key⟩89(1)—Bankrupt not entitled to fixed term of 20 days to answer involuntary petition.**

Under Bankruptcy Act, § 18b (Comp. St. § 9602), providing that the subpœna on an involuntary petition shall be returnable within 15 days, unless the court fixes a longer time, and that the bankrupt or any of his creditors may appear and plead within 5 days after the return day, the bankrupt is not granted a fixed term of 20 days in which to answer.

2. **Bankruptcy ⟨key⟩86—Subpœna requiring answer by return day irregular, but not subject to be avoided.**

Though, under Bankruptcy Act, § 18b (Comp. St. § 9602), a subpœna issued September 27, requiring the alleged bankrupt to appear on October 12, with a memorandum stating that the petition would be taken as confessed unless the answer was filed before the return day, was irregular, in that the bankrupt should have 5 days after the return day in which to answer, the irregularity was not ground for an avoidance of the subpœna, where it was served 10 days before the return day, and he had more than 5 days before the return day in which to answer.

3. **Bankruptcy ⟨key⟩81(3)—Involuntary petition held sufficiently to plead claim of petitioner.**

In an involuntary petition, the claim of one of the petitioners was sufficiently pleaded by alleging that it was for money had and received by the bankrupt on account of a protested check, representing the indebtedness, issued by the bankrupt to the creditor, a copy of which was attached.

4. **Bankruptcy ⟨key⟩318(1)—Claim on protested check provable.**

Where a buyer sent a check to the seller, and also paid a draft drawn on him by the seller, and the seller then gave its check for the overpayment, which was protested, the buyer's claim constituted a cause of action on contract, and provable in bankruptcy.

5. **Bankruptcy ⟨key⟩60—Receiver held appointed for bankrupt "because of insolvency."**

Where suit was brought against a corporation for a receivership on the ground that its property was so mortgaged and pledged that it was insolvent and could not meet its obligations, and that its officers had abandoned its business, and it admitted such averments and joined in the prayer for a receiver, the appointment of the receiver was, "because of insolvency," within Bankruptcy Act, § 3a(4), Comp. St. § 9587, as to acts of bankruptcy.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Insolvency.]

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Joseph W. Woodrough, Judge.

Petition by H. C. Boardman and others to have the Stewart Petroleum Company adjudicated a bankrupt. From the judgment of adjudication, the alleged bankrupt appeals. Affirmed.

W. V. Biddison and V. H. Biddison, both of Tulsa, Okl., for appellant.

Carroll, Mason & Honnold, of Tulsa, Okl., and R. E. Gish, of Kansas City, Mo., for appellees.

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before SANBORN and CARLAND, Circuit Judges, and VAN VALKENBURGH, District Judge.

SANBORN, Circuit Judge. This is an appeal of the Stewart Petroleum Company, a corporation, from its adjudication a bankrupt, by the court below on April 25, 1919, on a petition of H. C. Boardman, the Western Bank Supply Company, a corporation, and the Stebbins Oil & Gasoline Company, three of its creditors, which was filed on September 27, 1918.

[1, 2] The first complaint of this adjudication by the Stewart Company is that the court below denied its motion to quash the subpœna, which it made upon the ground that this subpœna unlawfully required it and its creditors to appear and plead to the petition on the fifteenth day after its date, when, as the Stewart Company contends, section 18b of the Bankruptcy Act (U. S. Comp. Stat. § 9602), granted them 20 days for appearance and answer. The only provisions of this section pertinent to this contention are that the subpœna shall be returnable within 15 days, unless the judge shall for cause fix a longer time, and that the bankrupt or any of his creditors may appear and plead to the petition within 5 days after the return day, or within such further time as the court may allow. There is nothing in this section that grants a fixed term of 20 days in which the bankrupt may answer. The subpœna was issued on September 27, 1918. It required the Stewart Company to appear before the court on October 12, 1918, then and there to answer the petition, and there was a memorandum at the foot of the subpœna, signed by the clerk, to the effect that, unless it filed its answer before the return day, the petition would be taken as confessed, and a decree would be entered against it accordingly. The subpœna was served upon the Stewart Company on October 2, 1918, 10 days before the return day. On October 15, 1918, the company appeared specially and moved to quash the subpœna. After argument of the motion, the court on November 11, 1918, overruled it, and gave the bankrupt 15 days thereafter in which to file further plea. There was no error in this ruling. It gave the company more time to answer than the statute required the court to give it. The fact is that the real complaint of the bankrupt was that the court, by the form of subpœna it issued, gave it the five days to answer prescribed by section 9602 before, instead of after, the return day. The court might have made the subpœna returnable October 7, 1918, and have given the bankrupt the 5 days thereafter to answer, and that course would have been in exact conformity to law. Placing the 5 days before, instead of after, the return day, did not deprive the Stewart Company of full notice of the proceeding, and of the ample time within which he might answer. It was a mere irregularity, which presented no substantial ground for an avoidance of the subpœna.

[3, 4] The second reason urged for a reversal here is that the claims of the petitioners H. C. Boardman and the Stebbins Oil & Gasoline Company were not properly pleaded, were for torts, were not provable claims in bankruptcy, and were not proved. The petitioners stated in their petition that Boardman's claim was for $1,505.18, money

had and received by the Stewart Company on account of a protested check, representing this indebtedness, issued by it to Boardman, a copy of which was attached to the petition. The proof was that Boardman bought a car of gasoline of the Stewart Company, which drew a 10-day draft on him for it and sold the draft to a bank. Meanwhile the car of gasoline reached Boardman, and he mailed his check for it to the Stewart Company. Boardman paid both draft and check, and the Stewart Company, being informed of that fact, mailed him its check for the amount of the purchase price of the gasoline, but its check was not paid, but was protested. No sound reason occurs why this claim was not sufficiently pleaded, or why the facts stated did not constitute a cause of action on contract, provable in bankruptcy, or why the proof thereof was not ample. The objections to the pleading and proof of the claim of the Stebbins Oil & Gasoline Company are not more tenable than those which have been- considered, and they must all alike be overruled.

The court below found that- the Stewart Company was insolvent when the petition in bankruptcy was filed and for many months before. Counsel strenuously argue that the evidence fails to sustain this finding, but a perusal of the evidence and a careful comparison of the assets and liabilities of the company, which that evidence discloses, have satisfied that this position cannot be sustained.

[5] The petitioners alleged several acts of bankruptcy. Counsel for the bankrupt challenge the sufficiency of the pleading and proof of each of them. One of them was that on September 6, 1918, while the bankrupt was insolvent, the Black Printing Company brought a suit against it in a state court on an account, and applied for a receiver, on the ground that its property was so mortgaged and pledged that it was insolvent and could not meet its obligations, and that its officers had abandoned its business. The Stewart Company answered that the averments of the complaint in that case regarding its insolvency, etc., were so far true that it joined in the prayer for a receiver, and a receiver was appointed by that state court. In the suit under consideration the averments of the petition in bankruptcy regarding this act of bankruptcy were proved. Counsel for the bankrupt challenge the sufficiency of this pleading and proof on the ground that the former contains no averment, and the latter no substantial evidence, that the receiver was appointed and put in charge of the property "because of insolvency." Bankruptcy Act, § 3a(4), U. S. Comp. Stat. § 9587. But the only grounds for the appointment of the receiver alleged in the complaint therefor were that the Stewart Company was in an insolvent condition and the abandonment of its business by its officers. On those averments a receiver was appointed, and these facts are ample to sustain the rational and logical conclusion that he was appointed because of the insolvency of the Stewart Company.

Many other objections to the findings and conclusions of the court in its adjudication of this bankrupt have been made. Each of them has been considered. None of them, however, has been discovered on account of which the adjudication below may lawfully be, or ought to be adjudged erroneous or inequitable.

The judgment below is accordingly affirmed.